No. CR10 00895 DL PSG

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

FILED
DEC 0 8 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THE UNITED STATES OF AMERICA

vs.

ISRAEL ESPINOZA, and
MANUEL LOPEZ,


SEALED BY ORDER OF THE COURT

## INDICTMENT

| | |
|---|---|
| **COUNT ONE:** | 18 U.S.C. § 371 - Conspiracy |
| **COUNTS TWO - EIGHT:** | 18 U.S.C. § 922(g)(1) - Felon in Possession of Firearm; |
| **COUNT NINE:** | 18 U.S.C. § 922(k) - Possession of Firearm With Obliterated Serial Number; |
| **COUNTS TEN and THIRTEEN:** | 18 U.S.C. § 922(o)(1) - Possession of Machine gun; |
| **COUNTS ELEVEN and FOURTEEN:** | 26 U.S.C. § 5861(d) - Possession of Unregistered Silencer; |
| **COUNT TWELVE:** | 18 U.S.C. § 922(a)(1)(A) - Dealing Without a License; |

*A true bill.*

_____
*Foreperson*

Filed in open court this ___8___ day of __Dec__

A.D. 2010

_____
UNITED STATES MAGISTRATE JUDGE

Bail. $ __No Bail Arrest Warrants__

MELINDA HAAG (CABN 132612)
United States Attorney

FILED

SEALED BY ORDER
OF THE COURT

DEC 0 8 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10 00895 DLJ PSG |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 371 – Conspiracy; 18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm; 18 U.S.C. § 922(g)(1) – Felon in Possession of Ammunition; 18 U.S.C. § 922(k) – Possession of Firearm With Obliterated Serial Number; 18 U.S.C. § 922(o)(1) – Possession of Machinegun; 26 U.S.C. § 5861(d) – Possession of Unregistered Silencer; 18 U.S.C. § 922(a)(1)(A) – Dealing Firearm Without a License |
| v. | |
| ISRAEL ESPINOZA, and MANUEL LOPEZ, | |
| Defendants. | |
| | SAN JOSE VENUE |

INDICTMENT

The Grand Jury charges:

COUNT ONE: 18 U.S.C. § 371

1. During the period starting on or about July 8, 2010, and continuing to the present, in the Northern District of California, the defendants,

ISRAEL ESPINOZA, and

MANUEL LOPEZ,

and other persons, did knowingly and intentionally conspire to commit an offense against the

**INDICTMENT**

United States, specifically they did knowingly and willfully conspire to engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

2. In furtherance of the conspiracy and to effect the objects thereof, a member of the conspiracy committed the following overt acts, among others, in the Northern District of California:

    a. On or about July 15, 2010, a member of the conspiracy sold to another person a firearm, specifically a Universal Firearms Corp. .30-caliber rifle, model US Carbine M1, with serial number obliterated.

    b. On or about July 15, 2010, a member of the conspiracy sold to another person a firearm, specifically a .762 Cal SKS rifle, model 59-66, serial number F-169974.

    c. On or about August 6, 2010, a member of the conspiracy sold to another person a firearm, specifically a Ruger .9mm pistol, model P89DC, serial number 310-24350. And,

    d. On or about October 29, 2010, a member of the conspiracy sold to another person a firearm, specifically a Rossi, .38-caliber revolver, model M68, serial number AA515811.

All in violation of Title 18, United States Code, Section 371.

COUNT TWO: 18 U.S.C. § 922(g)(1)

3. On or about June 15, 2010, in the Northern District of California, the defendant,

                  ISRAEL ESPINOZA,

having been previously convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, specifically, a FEG .45-caliber pistol, model GKK-45, serial number AA006779, in and affecting interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

///

INDICTMENT                                   2

COUNT THREE: 18 U.S.C. § 922(g)(1)

4. On or about June 18, 2010, in the Northern District of California, the defendant,

ISRAEL ESPINOZA,

having been previously convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, specifically, an ASTRA, .25-caliber pistol, model 200 FIRECAT, serial number 778514, in and affecting interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT FOUR: 18 U.S.C. § 922(g)(1)

5. On or about July 15, 2010, in the Northern District of California, the defendant,

ISRAEL ESPINOZA,

having been previously convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, specifically, a Universal Firearms Corp. .30-caliber rifle, model US Carbine M1, with serial number obliterated, in and affecting interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT FIVE: 18 U.S.C. § 922(g)(1)

6. On or about July 15, 2010, in the Northern District of California, the defendant,

ISRAEL ESPINOZA,

having been previously convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, specifically, a .762 Cal SKS rifle, model 59-66, serial number F-169974, in and affecting interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT SIX: 18 U.S.C. § 922(g)(1)

7. On or about August 6, 2010, in the Northern District of California, the defendant,

ISRAEL ESPINOZA,

having been previously convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, specifically, a Ruger .9mm pistol, model P89DC, serial number 310-24350, in and affecting interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT SEVEN: 18 U.S.C. § 922(g)(1)

8. On or about September 2, 2010, in the Northern District of California, the defendant,

ISRAEL ESPINOZA,

having been previously convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess ammunition, specifically, 700 rounds of Poongsan Metal Corp. (PMC) .223-caliber ammunition, in and affecting interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT EIGHT: 18 U.S.C. § 922(g)(1)

9. On or about October 29, 2010, in the Northern District of California, the defendant,

ISRAEL ESPINOZA,

having been previously convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, specifically, a Rossi, .38-caliber revolver, model M68, serial number AA515811, in and affecting interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT NINE: 18 U.S.C. § 922(k)

10. On or about July 15, 2010, in the Northern District of California, the defendant,

ISRAEL ESPINOZA,

did knowingly possess a firearm, specifically, a Universal Firearms Corp..30-caliber rifle, model US Carbine M1, with serial number removed, obliterated or altered, that had, at any time, been shipped or transported in interstate or foreign commerce, in violation of Title 18, United States Code, Section 922(k).

COUNT TEN: 18 U.S.C. § 922(o)(1)

11. On or about July 2, 2010, in the Northern District of California, the defendant,

ISRAEL ESPINOZA,

did knowingly transfer or possess a machinegun, specifically, an AR-15 type rifle machinegun, in violation of Title 18, United States Code, Section 922(o)(1).

///

INDICTMENT                           4

COUNT ELEVEN: 26 U.S.C. § 5861(d)

12. On or about July 2, 2010, in the Northern District of California, the defendant,

ISRAEL ESPINOZA,

did knowingly possess a firearm, specifically a silencer, and that firearm was not registered to the defendant in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

COUNT TWELVE: 18 U.S.C. § 922(a)(1)(A)

13. During the period starting on or about June 15, 2010, and continuing to the present, in the Northern District of California, the defendant,

ISRAEL ESPINOZA,

willfully engaged in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

COUNT THIRTEEN: 18 U.S.C. § 922(o)(1)

14. On or about July 2, 2010, in the Northern District of California, the defendant,

MANUEL LOPEZ,

did knowingly transfer or possess a machinegun, specifically, an AR-15 type rifle machinegun, in violation of Title 18, United States Code, Section 922(o)(1).

///

INDICTMENT                                  5

COUNT FOURTEEN: 26 U.S.C. § 5861(d)

15. On or about July 2, 2010, in the Northern District of California, the defendant,

MANUEL LOPEZ,

did knowingly possess a firearm, specifically a silencer, and that firearm was not registered to the defendant in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

DATED: 12-8-10

A TRUE BILL.

_____
FOREPERSON

MELINDA HAAG
United States Attorney

_____
JEFFREY D. NEDROW
Deputy Chief, San Jose Office

(Approved as to form: _____
AUSA Nat Cousins

INDICTMENT                            6

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   ☐ SUPERSEDING

**OFFENSE CHARGED**

Firearms offenses (see Penalty Sheet Attachment)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Penalty Sheet Attachment

FILED
DEC 0 8 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

**DEFENDANT - U.S**
▶ MANUEL LOPEZ

DISTRICT COURT NUMBER
CR10 00895 DLJ PSG

*SEALED BY ORDER OF THE COURT*

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
ATF

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   AUSA Nat Cousins

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction   } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: No bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

## PENALTY SHEET ATTACHMENT
### *U.S. v. Israel Espinoza, Manuel Lopez*

**Defendant Lopez:**

| | | |
|---|---|---|
| **18 USC § 371 conspiracy to deal firearms without a license** | 1 | 5 years imprisonment; $250,000 fine; 3 years supervised release; special assessment of $100 per count of conviction; possible immigration consequences. |
| **18 USC § 922(o)(1) possession of machinegun** | 13 | 10 years imprisonment; $250,000 fine; 3 years supervised release; special assessment of $100 per count of conviction; possible immigration consequences. |
| **26 USC § 5861(d) possession of silencer not registered** | 14 | 10 years imprisonment; $10,000 fine; 3 years supervised release; special assessment of $100 per count of conviction; possible immigration consequences. |

**Note: Penalties May Be Imposed Consecutively.**

///

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

*Name of District Court, and/or Judge/Magistrate Location*
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

— OFFENSE CHARGED —
Firearms offenses (see Penalty Sheet Attachment)
☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Penalty Sheet Attachment

FILED
DEC 08 2010
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SEALED BY ORDER OF THE COURT

— DEFENDANT - U.S —
▶ ISRAEL ESPINOZA

DISTRICT COURT NUMBER
CR 10 00895 DLJ PSG

— PROCEEDING —
Name of Complaintant Agency, or Person (& Title, if any)
ATF

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form — MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned) — AUSA Nat Cousins

— DEFENDANT —
IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☒ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

— ADDITIONAL INFORMATION OR COMMENTS —

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT    Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT
### U.S. v. Israel Espinoza, Manuel Lopez

**Defendant Espinoza:**

| Charge | Counts | Maximum penalties |
|---|---|---|
| 18 USC § 371 conspiracy to deal firearms without a license | 1 | 5 years imprisonment; $250,000 fine; 3 years supervised release; special assessment of $100 per count of conviction; possible immigration consequences. |
| 18 USC § 922(g)(1) felon in possession of firearm or ammunition | 2-8 | 10 years imprisonment; $250,000 fine; 3 years supervised release; special assessment of $100 per count of conviction; possible immigration consequences. |
| 18 USC § 922(k) possession of firearm with obliterated serial number | 9 | 5 years imprisonment; $250,000 fine; 3 years supervised release; special assessment of $100 per count of conviction; possible immigration consequences. |
| 18 USC § 922(o)(1) possession of machinegun | 10 | 10 years imprisonment; $250,000 fine; 3 years supervised release; special assessment of $100 per count of conviction; possible immigration consequences. |
| 26 USC § 5861(d) possession of silencer not registered | 11 | 10 years imprisonment; $10,000 fine; 3 years supervised release; special assessment of $100 per count of conviction; possible immigration consequences. |
| 18 USC § 922(a)(1) dealing firearm without license | 12 | 5 years imprisonment; $250,000 fine; 3 years supervised release; special assessment of $100 per count of conviction; possible immigration consequences. |

**Note: Penalties May Be Imposed Consecutively.**
///